Caruthers, J.,
delivered the opinion of the Court.
This bill is filed for a divorce, upon the ground that the defendant has been convicted of the crime of forgery in the State of Kentucky, and is now confined in the penitentiary, under a sentence of a Court of that State.
*424 • Conviction, with punishment for crime, was not a ground for divorce until 1842, when our Legislature made it so, by the following enactment. Chapter 133, sec. 3, Nich. Sup., 149:
“ That if any person, being husband or wife, has been, or shall be, convicted of any crime, which, by the laws of this State, is declared to be a felony, and sentenced to confinement in the penitentiary, the same shall be a good cause of divorce from the bonds of matrimony; and if such convict shall, at the time of the exhibition of a bill for divorce under this section, be confined in the penitentiary, the complainant may make publication, and bring the cause to trial, as in case of non-residents: Provided, that the proof of such conviction and sentence shall be the record of the Court in •which the proceedings were had.”
The record from the .Kentucky Court .is exhibited, and establishes the fact charged, and the only question is, whether the act of 1842,- extends to a case of conviction and confinement in any other State, or is limited to our own State. We are reluctantly constrained to hold upon a fair, construction of the act, that it can only be made to apply to convictions in this State. There can be- no good reason why the provision should not be enlarged, so as to embrace other States, as the odium and disgrace of the offender is the same, whether the condemnation and punishment is in one State or another. But we must decide according to the intention- of the Legislature, as it is evinced by the language used, and not upon our opinion as to what they should have done, even upon the reasons and principles they have recognized in the enactment made. To explain; al *425 'though we may be satisfied that tbe same reason upon wbicb tbe confinement in tbe penitentiary of tbe State should be a good ground of divorce, would extend to tbe same punishment in any other State, yet tbe act could not be so enlarged against tbe Legislature’s intention to be derived from tbe language employed.
It would seem singular that tbe act bad not been more explicit one way or tbe other, as it would only have required a word to restrict or enlarge it. But in this, as in many other cases, we- have to contend with difficulties in tbe construction of vague and carelessly written acts. Tbe rule is, that tbe intention of tbe law-, makers must prevail, and that we can only look to what is written to get at that. What did they intend by this act? Tbe crime must be such as is declared by the ‘Maws of this State,” to be felony. Then, if a party, be in tbe penitentiary of another State, for an offense that is not' a felony by our law, it would be .no ground of divorce. Why not, if that act was intended to apply to convictions in other States, and tbe reason of tbe provision is, tbe prostration of character wbicb results from tbe particular mode of punishment? And it might be further asked, if tbe enlarged application was intended, why a conviction of crime, in a State where, by tbe local law, tbe penalty would be cropping, whipping or branding for tbe same crime, was not embraced, as well as the penitentiary mode of punishment. Tbe reference to our particular mode of punishment for felony, strongly indicates that tbe intention was to confine tbe act to cases in our own jurisdiction, or at least, that foreign cases were not in tbe mind of the law-makers. Tbe crime in this case, is felony by our laws, and so it is by tbe *426 laws of Kentucky, and is punishable by confinement in the penitentiary in both States. But suppose the same crime bad been committed in another State, where the offense is only a misdemeanor? or if a felony, punished by pillory or the lash, it could not be contended that the act would apply, as it requires that the party must be “sentenced to confinement in the penitentiary.” To this absurdity, the construction contended for must lead, if adopted.
A strong corroborative argument is to be found in the provision made for bringing the causes to a hearing. Why provide specially for publication, as in case of non-residents, where “ such convict shall, at the time of the exhibition of the bill, be confined in the penitentiary,” if the act was intended to embrace foreign convicts? If they were already non-residents by occupying the penitentiary' of another State, there would be no use for the provision. It was evidently intended to remedy the difficulty of serving process personally on a convict in our State prison, by publication, as in case of non-residents in other cases.
We think the reason and policy which dictated this act, would require its enlargement, so as to extend to cases of conviction of felony in any State or county, but that must be done by the Legislature, and not the Courts.
The decree must be affirmed.